**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARYANN CELEDON, | Case No.: 1:16-cv-00440 - JLT |
| Plaintiff, | ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF MARYANN CELEDON |
| v. | |
| NANCY A. BERRYHILL[1], Acting Commissioner of Social Security, | |
| Defendant. | |

Maryann Celedon asserts she is entitled to disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. Previously, this Court remanded Plaintiff's applications for further proceedings. Plaintiff argues the administrative law judge failed to follow the law of the case and the rule of mandate.

For the following reasons, the Court finds the ALJ did not err by reevaluating the residual functional capacity upon remand.

## **PROCEDURAL HISTORY**

In 2009, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income. (Doc. 15-5 at 368-75, 376-77) Plaintiff asserted she was unable to work due to the following impairments: "severe pain" in her neck, lower back, and right shoulder;

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, as the defendant.

1

anxiety; depression; fibromyalgia; diabetes; irritable bowel syndrome' and arthritis. (*Id.* at 398, emphasis omitted) Her applications "were denied initially on April 30, 2010, and upon reconsideration on September 21, 2010." (*Id.* at 52) Plaintiff requested a hearing and testified before an ALJ on August 26, 2011 and December 20, 2011. (*Id.*) The ALJ determined Plaintiff was not disabled under the Social Security Act from November 13, 2005 through the date of the decision and issued an order denying benefits on February 3, 2012. (*Id.* at 52-73) The Appeals Council on denied Plaintiff's request for review of the decision on January 4, 2013. (*Id.* at 15-17, 2311-13) Therefore, the ALJ's determination became the decision of the Commissioner of Social Security ("Commissioner").

Plaintiff sought judicial review of the ALJ's decision by filing a complaint with this Court on March 27, 2013, thereby initiating Case No. 1:13-cv-0449-SMS. (*See* Doc. 15-5 at 2316) Plaintiff argued that "ALJ committed reversible error in finding that she can perform her past relevant work at step four and/or alternative work at step five of the sequential disability analysis in light of the assessed residual functional capacity and incomplete hypothetical" posed to the vocational expert. (*See* Case No. 1:13-cv-0449-SMS, Doc. 21 at 3) The Court determined the ALJ's decision lacked the support of substantial evidence due to a conflict between the vocational expert's testimony and the job descriptions provided in the *Dictionary of Occupational Titles*. (Doc. 15-5 at 2346-47) Accordingly, the matter was remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on September 12, 2014. (*Id.* at 2347)

Receiving the remand from the District Court, the Appeals Council noted that in December 2013—while Plaintiff's request for review was pending before the District Court—she filed additional applications for benefits, which were denied at the initial level. (Doc. 15-5 at 2357) The Appeals Council noted that the remand "render[ed] the subsequent claims duplicate." (*Id.*) Therefore, the Appeals Council directed the ALJ to "consolidate the claim files, create a single electronic record, and issue a new decision on the consolidated claims." (*Id.*, citing 20 CFR §§ 404.952, 416.152, HALLEX 1-10-10). Further, the Appeals Council observed: "In compliance with the above, the Administrative Law Judge will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." (*Id.*) With these instructions, the matter was remanded to an ALJ on November 22, 2014. (*Id.* at 2357-58)

With the consolidation of the applications, Plaintiff submitted additional records to the Master Docket, which included records from the period previously adjudicated, and related to the same impairments. (*See, e.g.* Doc. 15-5 at 3476) In total, the ALJ had more than 2,000 additional pages of medical evidence to review. (*See* Doc. 15-5 at 2072-74; *see also id.* at 2629-5207)

Following a hearing, the ALJ issued an unfavorable decision on December 1, 2015, finding Plaintiff was not disabled "from November 13, 2015, through the date of [the] decision." (Doc. 15-5 at 2062) Plaintiff filed exceptions to the ALJ decision on February 16, 2016, asserting the ALJ erred by finding she "may perform work where the demands of that work exceed the residual functional capacity as found by the ALJ." (*Id.* at 2036-37) On June 10, 2016, the Appeals Council noted the exceptions were untimely, and concluded the ALJ's decision was the final decision of the Commissioner. (*Id.*)

## **STANDARD OF REVIEW**

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The Court must uphold the ALJ's determination that the claimant is not disabled if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## **DISABILITY BENEFITS**

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounois v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## ADMINISTRATIVE DETERMINATION

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity ("RFC") to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.* The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

**A.  The ALJ's Findings in 2012**

Pursuant to the five-step process, the ALJ first determined Plaintiff did not engage in substantial gainful activity after the alleged onset date of November 13, 2005. (Doc. 15-5 at 54) Second, the ALJ found Plaintiff had the" following severe impairments: reactive obstructive airway disease, tendonitis and full tear of the rotator cuff, degenerative disc disease of the cervical spine, disc bulge of L5-S1, chronic pain syndrome, gastritis, irritable bowel syndrome, gastroesophageal reflux disease, and depressive disorder not otherwise specified." (*Id.* at 54-55) The ALJ found no impairment or combination of impairments met or medically equaled one of the listed impairments. (*Id.* at 57) Next, the ALJ determined:

> [T]he claimant can and/or carry 20 pounds occasionally and 10 pounds frequently with the use of both arms and hands together; she can and/or carry up to 10 pounds if she is just using her right arm and hand; she can sit, stand and/or walk for six hours out of an eight-hour workday with the ability to change positions at will for comfort; she is

|   |   |
|---|---|
| 1 | precluded from crawling or climbing ladders, ropes, and scaffolds; she can perform all other postural activities occasionally; she is restricted from performing overhead reaching or work with the right upper extremity; she is precluded from heavy grasping, gripping, or [torquing] with either hand; she is prohibited from working at unprotected heights or around hazardous moving machinery; she is restricted from concentrated exposure to dust, gases, or fumes; she requires reasonable access to a restroom; she is permitted to have one additional unscheduled break per day that is under 10 minutes in addition to the three regular breaks during a regular workday; she is limited to performing simple repetitive one to three step tasks; she can have frequent contact with co-workers and supervisors; she can have occasional contact with the general public; she can engage in normal stress work; and she may be off task up to five to 10 percent of the workday on a presumptive basis due to the combination of pain or prescription side effects. |

(Doc. 15-5 at 58)

With this residual functional capacity ("RFC"), the ALJ found Plaintiff was "capable of performing past relevant work as a switchboard operator." (Doc. 15-5 at 71) Further, the ALJ made an "alternative finding" at step five that "there are other jobs existing in the national economy that she is also able to perform." (*Id.*) Therefore, the ALJ concluded Plaintiff was not disabled from November 12, 2005 through the decision date of February 3, 2012. (*Id.* at 73)

**B.     Review by the District Court**

Appealing the decision of the ALJ, Plaintiff did "not challenge the ALJ's construction of her RFC." (Doc. 15-5 at 2338) However, the Court noted that Plaintiff "read [the] RFC as including a sit or stand at will requirement," while the Commissioner argued "the ALJ's RFC finding did not include a sit/stand at will requirement, only that Plaintiff requires changing positions for comfort." (*Id.* at 2339) Thus, although Plaintiff did not directly challenge the findings of the ALJ related to her RFC, the Court reviewed the RFC and determined that the "plain language" of the RFC did "not include a sit/stand option." (Doc. 15-5 at 2341)

The Court noted that the vocational expert testified an individual who needed to be able to sit or stand "at will" would have "to be able to perform her job standing [all the time]." (Doc. 15-5 at 2342) In addition, the vocational expert explained "a similarly capable individual could 'frequently' change positions," and would be able to perform Plaintiff's past relevant work. (*Id.*) The Court observed that the vocational expert "offered no testimony as to whether a similarly capable individual would have the necessary autonomy to change positions 'at will' in a telephone operator position as it is generally performed," and the *Dictionary of Occupational Titles* was "likewise silent." (*Id.*) Accordingly, the

Court was unable to "conclude that the ALJ's step-four findings and conclusion [were] based on substantial evidence." (*Id.*) Further, the Court found the ALJ failed to resolve a conflict between the vocational expert's testimony and Plaintiff's mental residual functional capacity. (*Id.* at 2342-43) The Court determined this was not a harmless error, because there was insufficient evidence to determine whether "a substantial number of jobs existed that could be performed by an individual with Plaintiff's limitations." (*Id.* at 2346)

The Court concluded that due to "the woefully inadequate record," the matter needed to be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 15-5 at 2347)

## C. The ALJ's Findings in 2015

Upon remand, the ALJ again began at step one of the sequential evaluation and "reviewed the entire medical record, including new medical evidence submitted." (*See* Doc. 15-5 at 2047) The ALJ found Plaintiff still had not engaged in substantial gainful activity since November 12, 2005. (*Id.*) At step two, the ALJ determined Plaintiff's severe impairments included: "reactive obstructive airway disease, tendonitis and full tear of the rotator cuff, degenerative disc disease of the cervical spine, disc bulge at L5-S1, chronic pain syndrome, gastritis, irritable bowel syndrome, gastroesophageal reflux disease (GERD), and depressive disorder, not otherwise specified." (*Id.*) The ALJ found these impairments did not meet or medically equaled a Listing. (*Id.* at 2048-49) Next, the ALJ determined, "[a]fter careful consideration of the entire record," that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently with the use of both arms and hands together; lift and/or carry up to 10 pounds if just using her right arm and hand; sit, stand, and walk, each, for six hours total in an eight-hour workday, with the ability to change positions frequently for comfort; never crawl or climb ladders, ropes, and scaffolds; occasionally perform all other postural activities; never perform overhead reaching or work with the right upper extremity; never perform heavy grasping, gripping, or torquing with either hand; never work at unprotected heights or around hazardous moving machinery; and never have concentrated exposure to dust, gases, or fumes. She requires reasonable access to a restroom and one additional unscheduled break per day that is under 10 minutes, in addition to the three regular breaks during a regular workday. She is limited to performing simple, repetitive, one- to three-step tasks; can have frequent contact with co-workers and supervisors and occasional contact with the general public; and may be off-task up to five to 10 percent of the workday on a presumptive basis, due to the combination of pain or prescription side effects.

(*Id.* at 2049-50)

With this residual functional capacity, the ALJ concluded at step four that Plaintiff was able to perform her past relevant work as a telephone operator. (Doc. 15-5 at 2060) In the alternative, the ALJ found at step five that Plaintiff could perform the requirements of other jobs in the national economy that existed in significant numbers, such as appointment clerk, business services document preparer, and addresser. (*Id.* at 2061) Consequently, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act from November 13, 2005, through the date of the decision, December 1, 2015. (*Id.* at 2062)

**DISCUSSION AND ANALYSIS**

**A.     Law of the Case and Rule of Mandate**

Recently, the Ninth Circuit determined that "the law of the case doctrine and the rule of mandate apply to social security administrative remands from federal court in the same way they would apply to any other case." *Stacy v. Colvin*, 825 F.3d 563, 566 (9th Cir. 2016). Plaintiff contends the ALJ violated both doctrines when he examined the medical evidence and formulated a new residual functional capacity. (Doc. 21 at 4-7)

1.     Law of the Case

"The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy*, 825 F.3d at 567 (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). Application of the doctrine by a court "is discretionary, not mandatory." *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991); *see also United States v. Mills*, 810 F.2d 907, 909 (9th Cir. 1987) (stating that law of the case is a discretionary doctrine and declining to apply the doctrine). However, the Ninth Circuit has identified only five circumstances under which a court may depart from the law of the case: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). "Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Id.* (citations omitted).

In *Stacy*, the Ninth Circuit observed there had been "two prior step 4 findings by ALJs that

Stacy could not perform his past work." *Id.*, 825 at 567. The Court noted that while the step four findings were not specifically affirmed by the district court in its review, the findings were "typically the type… that should not be reconsidered under the law of the case doctrine." *Id.* However, the Court found the ALJ did not err in re-evaluating the step four findings where the ALJ heard "new evidence" at the hearing regarding the tasks Stacy performed in his past work. *Id.* As a result of the new evidence, a vocational expert concluded Stacy could, in fact, perform his past relevant work as generally performed. *Id.* The Ninth Circuit determined that "[g]iven the new evidence on remand, the district court did not abuse its discretion in declining to apply the law of the case doctrine." *Id.*

Similarly, here, there was new evidence before the ALJ on remand— including more than 2,000 additional pages of medical records—at least some of which were provided to the Master Docket by Plaintiff. (*See, e.g.* Doc. 15-5 at 3476) In light of the new evidence before the ALJ upon remand, the ALJ was entitled to re-evaluate Plaintiff's residual functional capacity.

2. Rule of Mandate

"The rule of mandate is similar to, but broader than, the law of the case doctrine." *Stacy,* 825 F.3d at 567-68 (quoting *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995)). Under the rule of mandate, a lower court receiving a mandate "'cannot vary it or examine it for any other purpose than execution.'" *Cote*, 51 F.3d at 181 (citation omitted). The Ninth Circuit explained that a "remand order must be read holistically." *Stacy*, 825 F.3d at 568. Thus, the Court found lower courts are permitted "to reexamine any issue on remand that is not inconsistent with the mandate." *Id*. Where a remand order does not "restrict" an ALJ to address *only* a specific deficiency, an ALJ may be permitted to review other findings related to a claimant's application. *See id.*

Previously, this Court observed that the language in the RFC indicating that Plaintiff "can sit, stand and/or walk for six hours out of an eight-hour workday with the ability to change positions at will for comfort" (Doc. 15-5 at 58) was unclear, given the dispute regarding the meaning between Plaintiff and Defendant. (*See* Doc. 15-5 at 2339) After reviewing the "construction" of the RFC, the step four findings, and the alternative step finding, the Court concluded that "the record [was] not fully developed to provide substantial evidence to support the ALJ's nondisability determination." (*Id.* at 2347) The matter was remanded "for further proceedings consisting with [the Court's] decision." (*Id.*)

Upon remand, the Appeals Council directed the ALJ to conduct "further proceedings consistent with the order of the court." (Doc. 15-5 at 2357) In addition, the Appeals Council observed that Plaintiff "filed subsequent claims for Title II and Title XVI benefits on December 5 and December 31, 2013, respectively, which were denied at the initial level." (*Id.*) Because the matter was being remanded—based upon the order of the Court—the Appeals Council found the subsequent claims were duplicative and directed the ALJ to "consolidate the claim files, create a single electronic record, and issue a new decision on the consolidated claims." (*Id.*, citing 20 C.F.R. §§ 404.952, 416.1452 and HALLEX 1-1-10-10). In addition, as in *Stacy*, the ALJ was faced with new evidence and its potential impact upon the residual functional capacity. Likewise, the ALJ had the order of the Court, which discussed a dispute regarding the meaning of a certain phrase in the RFC. The actions taken on remand by the ALJ—who did, in fact, review Plaintiff's ability to perform her past relevant work as well as work in the national economy after formulating the residual functional capacity—were not inconsistent with the Court's mandate to conduct further proceedings.

**B.     Wavier**

Plaintiff's sole argument on appeal was that the ALJ did not abide by the law of the case or the rule of mandate. To the extent Plaintiff believes the ultimate conclusion was in error, she fails to identify how the ALJ erred in his evaluation of the evidence. The Ninth Circuit "has repeatedly admonished that [it] cannot 'manufacture arguments for an appellant.'" *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)). Rather, the Court will "review only issues with are argued specifically and distinctly." *Id.* Such is also true for the trial court. Therefore, when a claim of error is not argued and explained, the argument is waived. *See, id.* at 929-30 (holding that party's argument was waived where the party offered "little if any analysis to assist the court in evaluating its legal challenge").

Plaintiff does not challenge the ALJ's findings related to the medical record or assert the limitations articulated in the residual functional capacity assessment lack the support of substantial evidence in the record. Notably, in the Court's Scheduling Order, Plaintiff was informed that the opening brief must include "a summary of all relevant medical evidence" as well as "argument separately addressing each claimed error." (Doc. 4-1 at 3-4) In addition, on January 5, 2017, Plaintiff

was "reminded the opening brief **SHALL** include a summary of *all* relevant medical evidence, including the significance of laboratory findings; testimony; and a short statement of all claimed issues." (Doc. 20 at 2, emphasis in original) Nevertheless, Plaintiff did not identify any medical evidence in her opening brief, and did not address any of the ALJ's findings or the ultimate conclusion that she is not disabled. Accordingly, the Court finds that Plaintiff has waived any argument regarding these issues. *See Indep. Towers of Wash.* 350 F.3d at 929.

## **ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The decision of the Commissioner of Social Security is **AFFIRMED**; and
2. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Maryann Celedon.

IT IS SO ORDERED.

Dated: **August 1, 2017**          **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE